UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

DANIEL D. REED, JR.                                                                PETITIONER

VERSUS                                              CIVIL ACTION NO. 3:18CV267-TSL-RHW

SHERIFF BILLY SOLLIE                                                             RESPONDENT

## PROPOSED FINDINGS OF FACT AND RECOMMENDATION

Daniel D. Reed, Jr. filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241, challenging his pretrial detention in the Lauderdale County Detention Facility. Doc. [1]. Reed is being held on charges of burglary and aggravated assault. Doc. [8-2]. He was arrested on September 7, 2017. At the time of his arrest, Reed was out on bond on prior charges of aggravated assault, gang activity, and two counts of shooting into a vehicle. *See* Doc. [8-1]; *See also Reed v. Sollie*, Civil Action No. 3:17cv870-LG-LRA, 2018 WL 3203603 (S.D.Miss. Apr. 30, 2018) (addressing Reed's prior charges that he challenged in a § 2241 petition). At the initial appearance on September 11, 2017, the municipal court ordered Reed bound over to the grand jury and found he was not bond eligible. Doc. [8-3] & [8-4]. Reed filed the instant § 2241 petition on April 26, 2018, arguing that he was arrested on September 7, 2017, but has not yet been indicted. Doc. [1] at 6. As relief he requests that the Court investigate his case and charges, and if his "MCA rights have been violated" to dismiss these charges. *Id.* at 8. In his petition, he states that the § 2241 petition is his "first step" in seeking relief. *Id.* at 4. He also indicates that he has not filed any pleadings in state court seeking resolution of the charges of aggravated assault and burglary. *Id.* at 2-6.

Counsel for Respondent represents that the Lauderdale County District Attorney's Office has advised that as of August 3, 2018, Reed has not yet been indicted on the assault and burglary

charges. Doc. [8] at 2. However, Reed is awaiting trial on the prior charges of aggravated assault, gang activity, and two counts of shooting into a vehicle. *Id.* at 2-3. By Order dated May 29, 2018, the Lauderdale County Circuit Court reset Reed's trial on these prior charges from May 29, 2018, to August 13, 2018 to allow for plea negotiations. Doc. [8-4]. Reed signed the Order Resetting Case, as did his attorney. *Id.* In response to Reed's petition, Respondent filed a "motion to dismiss" and argues that Reed's claims are not cognizable under § 2241, and that he has failed to exhaust available state remedies prior to bringing the instant petition. Doc. [8]. Reed has not filed a response to Respondent's motion to dismiss.

## Law and Analysis

Reed is a pre-trial detainee; therefore, his petition for federal habeas relief is governed by 28 U.S.C. § 2241. *See Dickerson v. Louisiana*, 816 F.2d 220, 224 (5th Cir. 1987). To the extent that Reed seeks dismissal of the charges against him based on a speedy trial claim or other alleged constitutional violations, his petition is without merit. *See Braden v. 30th Judicial Circuit Court of Kentucky*, 410 U.S. 484, 489 (1973) ("federal habeas corpus does not lie, absent 'special circumstances,' to adjudicate the merits of an affirmative defense to a state criminal charge prior to a judgment of conviction by a state court."). The Supreme Court has held that a habeas petition may not disrupt pending state criminal proceedings by attempting to litigate constitutional defenses prematurely in federal court. *Braden*, 410 U.S. at 493. Reed plainly states that he wishes to have the charges against him dismissed. Doc. [1] at 8. Reed's request to have charges dismissed against him is not attainable through federal habeas corpus. *See Brown v. Estelle*, 530 F.2d 1280, 1283 (5th Cir. 1976). Nor has he identified any special circumstances that would cause this Court to entertain his request for release from custody.

In the alternative, Reed's petition fails because he has not exhausted state remedies.  As the Fifth Circuit explained in *Dickerson*, "although section 2241 establishes jurisdiction in the federal courts to consider pre-trial habeas corpus petitions, federal courts should abstain from the exercise of that jurisdiction if the issues raised in the petition may be resolved either by trial on the merits in the state court or by other state procedures available to the petitioner."  816 F.2d at 225.  In his petition, Reed indicates that he has not filed any state court proceeding to address the issues raised in his § 2241 petition.  Doc. [1] at 2-6.  Rather, he refers to the § 2241 petition as his "first step" in the process.  *Id.* at 4.  Reed has not filed a response in opposition to the motion to dismiss and therefore does not dispute Respondent's arguments on the exhaustion issue.  The undersigned finds that Reed prematurely and impermissibly seeks to raise constitutional claims through the federal habeas provisions.

## **RECOMMENDATION**

Based on the foregoing, the undersigned recommends that Daniel D. Reed Jr.'s 28 U.S.C. § 2241 petition be dismissed with prejudice.

## **NOTICE OF RIGHT TO APPEAL/OBJECT**

Pursuant to 28 U.S.C. § 636(b)(1), any party who desires to object to this report must serve and file written objections within fourteen (14) days after being served with a copy unless the time period is modified by the District Court.  A party filing objections must specifically identify those findings, conclusions and recommendations to which objections are being made; the District Court need not consider frivolous, conclusive or general objections.  Such party shall file the objections with the Clerk of the Court and serve the objections on the District Judge and on all other parties.  A party's failure to file such objections to the proposed findings, conclusions and recommendation contained in this report shall bar that party from a de novo determination

by the District Court.  Additionally, a party's failure to file written objections to the proposed findings, conclusions, and recommendation contained in this report within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the proposed factual findings and legal conclusions that have been accepted by the district court and for which there is no written objection. *Douglass v. United Services Automobile Association*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).

      SO ORDERED AND ADJUDGED, this the 20th day of November 2018.

                                              /s/ *Robert H. Walker*
                                              ROBERT H. WALKER
                                              UNITED STATES MAGISTRATE JUDGE